FILED
CLERK OF COURT
2026 APR 30 PM 1:52
SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

YUBING HUANG,
DOB: 03/10/1966

Defendant.

Criminal Case No. CM0366-25
GPD Report No. 25-25505

DECISION AND ORDER
DENYING
DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 13, 2026 for hearing on Yubing Huang's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Lucas Wood represents the People, and Attorney Le Roi Enriquez represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Driving While Impaired (as a Misdemeanor) following an October 6, 2025 car crash. See Magistrate's Complaint (Oct. 8, 2025).

In their Affidavit of Probable Cause, the People allege the vehicle involved fled the scene of the crash. Id. However, Guam Police Department ("GPD") officers found a temporary registration plate left behind that was tied to a Toyota Tundra registered to Defendant. Id. GPD officers then arrived at Defendant's residence roughly 20 minutes after the crash. Id. There, officers spotted the damaged Toyota Tundra. Id. Officers also spoke with Defendant, who told them "I drinking too much and I crash". Id. Officers subsequently arrested Defendant. Id.

On October 10, 2025, Defendant's wife, Quinhua Chen, filed a signed declaration. In her declaration, Quinhua claims she, not her husband, was the one driving the Toyota Tundra during the October 6, 2025 crash. See Declaration of Quinhua Chen (Oct. 10, 2025). Quinhua also claims she tried to explain this to GPD officers, but was unable to communicate the message due to language barriers. Id.

Decision and Order Denying Defendant's Motion to Dismiss
CM0366-25, *People of Guam v. Yubing Huang*
Page 1 of 3

On October 10, 2025, Defendant filed his Motion to Dismiss. Defendant claims the People are unable to prove the elements of Driving While Impaired (as a Misdemeanor) because Defendant was not the one driving during the crash. See Motion to Dismiss (Oct. 10, 2025).

The Court held a hearing on February 13, 2026. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.  Standard to Dismiss = Probable Cause

A complaint and the affidavits filed therewith must show "probable cause to believe that an offense has been committed and that the defendant has committed it." See 8 G.C.A. § 15.20. However, the court must dismiss any charges "if from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it." See 8 G.C.A. § 45.80.

Probable cause amounts to "such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused." See Guam v. San Nicolas, 2013 Guam 21, n.5. Probable cause "is not a high bar", and probable cause decisions reached by grand juries are "hard to undermine, and still harder to reverse." See Kaley v. U.S., 571 U.S. 320, 338-339 (2014).

### II.  Application:

To charge Defendant with Driving While Impaired (as a Misdemeanor), the People must establish probable cause to believe that Defendant:

- In Guam;
- Did drive, operate, or be in physical control of any motor vehicle;
- While under the influence of alcohol, when as a result, his physical or mental abilities were impaired to such a degree that he no longer had the ability to drive a motor vehicle with the characteristics of a sober person of ordinary prudence under the same or similar circumstances.

See 9 G.C.A. §§ 92102(a) & 92101(f).

Decision and Order Denying Defendant's Motion to Dismiss
CM0366-25, *People of Guam v. Yubing Huang*
Page 2 of 3

Here the affidavit accompanying the Magistrate's Complaint establishes probable cause to believe that Defendant committed Driving While Impaired (as a Misdemeanor). The affidavit alleges that Defendant admitted to "drinking too much" and crashing his vehicle after drinking. See Magistrate's Complaint (Oct. 8, 2025). These facts would lead a man of ordinary caution or prudence to believe that Defendant was driving despite his driving abilities being impaired by alcohol consumption.

Quinhua Chen's signed declaration does not negate the fact that the People established probable cause through the affidavit accompanying the Magistrate's Complaint. Defendant is free to call Quinhua to testify on his behalf at trial, and the factfinders can then give her testimony any weight it deserves in choosing whether to convict Defendant or not. However, Quinhua's declaration in itself does not undue the facts establishing probable cause accompanying the Magistrate's Complaint.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, the Court **DENIES** Defendant's Motion. From the evidence accompanying the Magistrate's Complaint, there is probable cause to believe that Defendant committed the offense of Driving While Impaired (as a Misdemeanor).

**IT IS SO ORDERED** this  April 30, 2026
_____.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss
CM0366-25, *People of Guam v. Yubing Huang*
Page 3 of 3